UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY BRIAN MALLGREN,

              Plaintiff,

-against-

UNITED STATES OF AMERICA,

              Defendant.

25-CV-1538 (LTS)

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

    In an order dated May 4, 2016, the court barred Plaintiff from filing any future civil action in this court *in forma pauperis* ("IFP") without first obtaining the court's leave to file. *Mallgren v. United States*, ECF 1:14-CV-1420, 6 (S.D.N.Y. May 4, 2016). The court issued that filing injunction because of Plaintiff's history of frivolous, vexatious, or otherwise nonmeritorious litigation in this court and in other federal courts. *Mallgren*, ECF 1:14-CV-1420, 5 (S.D.N.Y. Nov. 24, 2015) (order recounting Plaintiff's litigation history and directing Plaintiff to show cause why the court should not impose the abovementioned filing injunction).

    Plaintiff submits this new civil action and seeks to proceed IFP. He does not, however, request leave of court to file this action. Even had Plaintiff requested leave to file, the Court would have denied such leave because this action is not a departure from Plaintiff's previous pattern of frivolous, vexatious, and/or nonmeritorious litigation because he fails to allege any facts suggesting that he has a plausible claim for relief. Accordingly, the Court dismisses this action because Plaintiff did not comply with the bar order issued in *Mallgren*, No. 14-CV-1420.

## CONCLUSION

    The Court dismisses the action without prejudice for failure to comply with the injunction set forth in *Mallgren v. United States*, ECF 1:14-CV-1420, 6 (S.D.N.Y. May 4, 2016), requiring Plaintiff to obtain leave of court to file a new civil action IFP.

Plaintiff remains subject to the abovementioned filing injunction.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment in this case.

SO ORDERED.

Dated:   February 26, 2025
        New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge